David Ali Chami (SBN 027585)
Chami Law Firm, PLLC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: (866) 881-2133
Fax: (866) 401-1457
David@chamilawfirm.com
Attorney for Plaintiff,
Teanna Bostwick

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teanna Bostwick,<br>           Plaintiff,<br>v.<br>Integrity Solution Services, Inc. ,<br>           Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, Teanna Bostwick ("Plaintiff"), through her attorneys, Chami Law Firm, PPLC, alleges the following against Defendant, Integrity Solution Services, Inc. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA),and 15 U.S.C. 1693(m) (EFTA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Chandler, Maricopa County, Arizona.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in St. Charles, St. Charles County, Missouri.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

20. In or around July, 2014, Plaintiff discovered a debt with Defendant on her credit report.

21. As a result, Plaintiff contacted Defendant at 800-334-2814 for more information about the alleged debt, and spoke with one of Defendant's collectors named Mary Anne Hosse.

22. 800-334-2814 is one of Defendant's numbers.

23. During the aforementioned conversation, Mary Anne did not state that Defendant is a debt collector.

24. Defendant's collector Mary Anne is familiar with the FDCPA.

25. Defendant's collector Mary Anne knows the FDCPA requires debt collectors to state the communication is from a debt collector.

26. In or around July, 2014, Plaintiff orally agreed with one of Defendant's collectors to allow monthly payments to be drawn from Plaintiff's personal checking account and paid towards Plaintiff's outstanding account balance.

27. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments.

28. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

29. The payment plan Defendant induced Plaintiff to enter into required Plaintiff to make a payment of $25.00 on the sixteenth (16) day of every month.

30. All payments were drawn from Plaintiff's personal checking account.

31. Plaintiff did not provide Defendant with written authorization to authorize the automatic payment.

32. To date, Defendant has withdrawn approximately $100.00 from Plaintiff's personal checking account.

33. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

34. Defendant violated the FDCPA based on the following:

    A. Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector, when Defendant failed to tell Plaintiff they are a debt collector.

WHEREFORE, Plaintiff, Teanna Bostwick, respectfully requests judgment be entered against Defendant, Integrity Solution Services, Inc., for the following:

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

37. Actual damages; and

38. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

39. Plaintiff repeats and re-alleges paragraphs 1-33 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

40. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in

writing, and a copy of such authorization shall be provided to the consumer when made."

41. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

42. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

43. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

44. Defendant debited Plaintiff's checking account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

45. Defendant debited Plaintiff's checking account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, Teanna Bostwick, respectfully requests judgment be entered

against Defendant, Integrity Solution Services, Inc., for the following:

46. Actual damages in the amount of $100.00 pursuant to the Electronic Fund Transfer Act, §916(a)(1);

47. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

48. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

49. Any other relief this Honorable Court deems appropriate.

                                                        RESPECTFULLY SUBMITTED,

DATED: January 27, 2015      Chami Law Firm, PLLC

                                              By: /s/ David Ali Chami
                                                     David Ali Chami (SBN 027585)
                                                     Attorney for Plaintiff
                                                     Teanna Bostwick